UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD CLARK,

                                  **Plaintiff,**                084-CV-0637(Sr)

v.

**STEVE SWAIN, et al.,**

                                  **Defendants.**

## DECISION AND ORDER

Currently before the Court is defendant Steve Swain's motion to vacate an entry of default and extend the time for him to answer or otherwise respond to plaintiff's complaint. Dkt. #21. For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that on March 22, 2008, while he was incarcerated at the Erie County Correctional Facility, he suffered a ruptured achilles tendon while playing basketball and was denied appropriate and timely medical care. Dkt. ##1 & 5. The United States Marshals Service personally served a copy of the Summons and Complaint upon defendant Steve Swain on July 31, 2009. Dkt. #15. Default was entered on October 8, 2009. Dkt. #17. The Motion to Vacate was filed on December 29, 2009. Dkt. #21.

In support of the motion to vacate, defendant Swain affirms that following service of the Summons and Complaint, he contacted Paulette Hill, the manager of the

medical facility at the Correctional Facility, who advised him that the County of Erie would respond to the complaint on his behalf. Dkt. #21-2, p.27, ¶ 9. Thereafter, defendant affirms that Ms. Hill repeatedly assured him that the County of Erie was handling the case on his behalf. Dkt. #21-2, p.27, ¶ 10.

It was not until early October of 2009 that the County of Erie informed defendant that it was taking the position that defendant's employer, Physician's Assistant of Western New York, P.C. ("Physician's Assistant"), was responsible for defending the lawsuit. Dkt. #21-2, p.28, ¶¶ 11-12. Defendant contacted Sue Niedermayer at Physician's Assistant, who advised that the company maintained insurance coverage for such circumstances and asked defendant to provide her with a copy of the complaint. Dkt. #21-2, p.28, ¶ 14. Ms. Niedermayer subsequently confirmed receipt of the complaint and assured defendant that Physician's Assistant was handling the matter. Dkt. #21-2, p.28, ¶ 16. Defendant also contacted the owner of Physician's Assistant, Todd Roland, who confirmed that Physician's Assistant maintained insurance and would "take care of it." Dkt. #21-2, p.29, ¶ ¶ 18-20.

On Wednesday, December 16, 2009, defendant affirms that he received a telephone call from the Erie County Attorney's Office informing him that default had been entered against him. Dkt. #21-2, p.29, ¶ 22. Defendant telephoned Todd Roland, who informed him that Physician's Assistant was "still working on it." Dkt. #21-2, p.30, ¶ 24. As a result, defendant retained counsel at his own expense. Dkt. #21-2, p.30, ¶ 26.

Defendant opines that he has a meritorious defense to this action because the medical records documenting his treatment of plaintiff demonstrate that his treatment of plaintiff was appropriate and consistent with the standard of care. Dkt. #21-2, p.30, ¶ 29.

## DISCUSSION AND ANALYSIS

> Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain a default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended. Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b).

*New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The Court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The Court of Appeals for the Second Circuit has identified three criteria to consider in deciding whether to relieve a party from default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1992). Although "dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," the Court of Appeals has emphasized that "defaults are generally disfavored" and should be "reserved for rare occasions." *Id.* at 95. Thus, "'good cause' . . . should be construed generously." *Id.*

In the instant case, it is clear that the entry of default should be vacated. Defendant's affidavit demonstrates that his failure to answer the complaint was not willful, but the result of misrepresentations by both the County of Erie and defendant's employer. Defendant Swain moved promptly to hire counsel at his own expense and to vacate the entry of default once he became aware that the County of Erie and his employer had failed to undertake the defense of this action. As the Court has yet to enter a Case Management Order in this action, plaintiff has not been prejudiced by defendant's delay in responding to the complaint. Finally, the Court agrees that defendant Swain has presented the Court with a meritorious defense so as to warrant resolution of plaintiffs' allegations on the merits.

## **CONCLUSION**

For the reasons set forth above, defendant Swain's motion to vacate the entry of default (Dkt. #21), is **GRANTED**. Defendant Swain shall answer or otherwise respond to the complaint no later than **April 23, 2010.**

**SO ORDERED.**

DATED:	Buffalo, New York
	April 5, 2010

      s/ H. Kenneth Schroeder, Jr.
      **H. KENNETH SCHROEDER, JR.**
      **United States Magistrate Judge**