**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DONALD CLARK,**

                          **Plaintiff,**                              **08-CV-0637(Sr)**

**v.**

**STEVE SWAIN**
**and**
**LORI LAY,**

                          **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #28.

Currently before the Court is defendant Steve Swain's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #29. For the following reasons, it is recommended that defendant's motion be granted.

## BACKGROUND

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that on March 22, 2008, while he was incarcerated at the Erie County Correctional Facility, he suffered a ruptured achilles tendon while playing basketball and was denied appropriate and timely medical care for that injury. Dkt. ##1 & 5. Specifically, plaintiff alleges that he was taken from the basketball court to the infirmary in a wheelchair, where a nurse,

defendant Lori Lay, performed "a very perfunctory examination," diagnosed his injury as a sprain, and returned plaintiff to his housing unit with crutches and Tylenol. Dkt. #5. Plaintiff alleges that he was in excruciating pain for two days before he was returned to the infirmary and examined by defendant Steve Swain, who also diagnosed a "bad sprain." Dkt. #5. Plaintiff further alleges that

> the facility doctor Steve Swain had initially refused to send him to an area hospital for a proper examination. However, plaintiff . . . began to become irat[e] because of the refusal to be transported to a hospital" and "refused to go back to his housing unit."

Dkt. #5. Plaintiff alleges that "it was only then that the facility doctor agree[d] to have me transported to Erie County Medical Center ("ECMC"), in Buffalo, New York, on March 24, 2008." Dkt. #5. Plaintiff's complaint confirms that he was transported to ECMC on the same date that he was seen by Steve Swain. Dkt. #5. Plaintiff complains that he "was deprived [of] medical care for two (2) days that produced physical torture from constant pain" and states that the nurse should have sent plaintiff "to an area hospital to be examined by a trained doctor and not diagnosed the injury as a 'sprain' which led to plaintiff not seeing a doctor for two days while continuously experiencing excruciating pain from a ruptured achilles tendon." Dkt. #5.


## DISCUSSION AND ANALYSIS

Defendant Steve Swain argues that plaintiff has failed to state a claim of deliberate indifference to a serious medical need against him because he referred plaintiff to the hospital during his initial visit with plaintiff, thereby providing plaintiff the very treatment he sought. Dkt. #30.

In opposition to the motion, plaintiff submits his medical records[1] and complains of defendant Lori Lay's failure to recommend his transport to ECMC on March 22, 2008. Dkt. #35. Specifically, plaintiff notes that Lori Lay conducted "a very unprofessional examination of the injury in question" and challenges her documentation that plaintiff could move his foot side to side, raise his foot upwards and point his toes. Dkt. #36.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Where, as here, the plaintiff is appearing *pro se*, the Court must construe the complaint liberally and draw the most favorable inferences that the complaint supports, but may not invent factual allegations that have not been pled. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

---

[1] The medical records confirm that plaintiff presented at the infirmary at 2:20 p.m. on March 22, 2008 complaining that he twisted his left ankle and heard a "pop" at his achilles area while playing basketball in the court yard. Dkt. #35, p.5. L.P.N. Lori Lay noted that plaintiff was able to move his foot side to side, point his toes and bring his foot upwards. Dkt. #35, p.5. She also noted no edema or redness. Dkt. #35, p.5. She wrapped his foot in ace bandages and provided plaintiff with Tylenol, ice packs, crutches and instructions that he avoid placing any weight on his left foot until he could be evaluated by a doctor on Monday morning. Dkt. #35, p.5. Nurse Lay advised corrections officers of plaintiff's restrictions and directed that he be moved to a lower bunk. Dkt. #35, p.5. Plaintiff was seen by P.A. Steve Swain on March 24, 2008, who noted the left achilles was tender and swollen with decreased flexion extension. Dkt. #35, p.10. The P.A. prescribed Motrin and directed an "ER visit/by car today." Dkt. #35, p.10. Plaintiff arrived at the Emergency Department of ECMC at approximately 1:00 p.m. on March 24, 2008 and underwent surgery on March 28, 2008 for a left achilles tendon rupture. Dkt. #35, pp.7 & 12.

To state a claim for deliberate indifference to a serious medical need, plaintiff must demonstrate that, as an objective matter, he suffered from a sufficiently serious medical condition and that, as a subjective matter, each defendant acted with a subjectively culpable state of mind with respect to that condition. *Brock v. Wright,* 315 F.3d 158, 162 (2d Cir. 2003); *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (a defendant's personal involvement in the alleged constitutional deprivation is a prerequisite to an award of damages under 42 U.S.C. § 1983). With respect to the objective component, a medical need is serious if it presents a condition of urgency that may result in degeneration or extreme pain. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). In making this assessment, courts consider whether a reasonable medical doctor would find the condition important and worthy of comment or treatment; the impact the condition has on activities of daily living; and the existence of chronic and substantial pain. *Id.* With respect to the subjective component, the defendant must disregard an excessive risk to inmate health or safety of which he is aware. *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002). The defendant's actions must go beyond mere negligence or medical malpractice and demonstrate a reckless disregard for the risk presented. *Farmer v. Brennan*, 511 U.S. 825 , 835 (1994).

Assuming that plaintiff's injury constitutes an objectively serious medical need, plaintiff has failed to allege sufficient facts to establish that defendant Steve Swain exhibited a reckless disregard for that medical need. To the contrary, plaintiff alleges that Steve Swain directed his transport to ECMC at the conclusion of his initial examination of plaintiff on the Monday morning following plaintiff's weekend injury. Plaintiff's complaint confirms that in accordance with Steve Swain's directive, he was transported to ECMC

that same day for further evaluation of his injury. Thus, as to defendant Steve Swain, the facts presented fail to state a claim of deliberate indifference to plaintiff's medical condition.

**CONCLUSION**

For the reasons set forth above, it is recommended that defendant Steve Swain's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #29), be granted.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to plaintiff and the attorneys for the defendants.

**SO ORDERED.**

DATED:     Buffalo, New York
           January 25, 2011

                              s/ H. Kenneth Schroeder, Jr.
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**