**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DONALD CLARK,**

                             **Plaintiff,**                      **08-CV-0637(Sr)**

**v.**

**STEVE SWAIN**
**and**
**LORI LAY,**

                             **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #28.

Currently before the Court is defendant Laurie[1] Lay's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. #43. For the following reasons, it is recommended that defendant's motion be granted.

## BACKGROUND

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that on March 22, 2008, while he was incarcerated at the Erie County Correctional Facility, he suffered a ruptured achilles tendon while playing basketball and was denied appropriate and timely medical care for that injury. Dkt. ##1 & 5. Specifically, plaintiff alleges that he

---

[1] Although the defendant is identified as Lori Lay in the complaint, defendant identifies herself as Laurie Lay.

was taken from the basketball court to the infirmary in a wheelchair, where he informed the nurse, defendant Laurie Lay, that he thought his left foot "might be broken." Dkt. #5, p.2. Plaintiff alleges that defendant Laurie Lay performed "a very perfunctory examination," diagnosed his injury as a sprain, wrapped his ankle in an ace bandage and returned plaintiff to his housing unit with crutches and Tylenol despite his plea to be transported to the hospital for x-rays. Dkt. #5, p.3.

Plaintiff alleges that he was in excruciating pain for two days before he was returned to the infirmary on March 24, 2008 and examined by defendant Steve Swain,[2] who also diagnosed a "bad sprain" but agreed to have plaintiff transported to the Erie County Medical Center ("ECMC"). Dkt. #5, p.5. Plaintiff complains that he "was deprived [of] medical care for two (2) days that produced physical torture from constant pain" and states that the nurse should have sent plaintiff "to an area hospital to be examined by a trained doctor and not diagnosed the injury as a 'sprain' which led to plaintiff not seeing a doctor for two days while continuously experiencing excruciating pain from a ruptured achilles tendon." Dkt. #5, p.7.

## DISCUSSION AND ANALYSIS

Defendant Laurie Lay argues that, even assuming, for purposes of this motion, that plaintiff's allegations are true, plaintiff has failed to state a claim of deliberate indifference to a serious medical need. Dkt. #45. At most, defendant argues that her

---

[2] By Amended Order entered February 23, 2011, the Hon. Richard J. Arcara, U.S.D.J., adopted this Court's Report and Recommendation that defendant Steve Swain's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted. Dkt. #41.

misdiagnosis and treatment of plaintiff's injury as a sprain, when he had actually ruptured his Achilles tendon, constitutes negligence. Dkt. #45.

In opposition to the motion, plaintiff argues that defendant Laurie Lay ignored the plaintiff's complaint that he "heard a pop in his Achilles area" and failed to perform a "simple test of squeezing the calf muscle while lying on the stomach" to determine if the tendon is connected. Dkt. #49, pp.6 & 10. Plaintiff references his medical records,[3] which were previously submitted in response to defendant Steve Swain's motion to dismiss, and argues that although she was presented with "all the necessary information to make a sound judgment, and to provide proper medical attention," she failed to do so. Dkt. #49, pp.9 & 10.

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure employs the same standard as a motion to dismiss pursuant Rule 12(b)(6). *Bank of New Yrok v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual

---

[3]The medical records confirm that plaintiff presented at the infirmary at 2:20 p.m. on March 22, 2008 complaining that he twisted his left ankle and heard a "pop" at his achilles area while playing basketball in the court yard. Dkt. #35, p.5. L.P.N. Lori Lay noted that plaintiff was able to move his foot side to side, point his toes and bring his foot upwards. Dkt. #35, p.5. She also noted no edema or redness. Dkt. #35, p.5. She wrapped his foot in ace bandages and provided plaintiff with Tylenol, ice packs, crutches and instructions that he avoid placing any weight on his left foot until he could be evaluated by a doctor on Monday morning. Dkt. #35, p.5. Nurse Lay advised corrections officers of plaintiff's restrictions and directed that he be moved to a lower bunk. Dkt. #35, p.5. Plaintiff was seen by P.A. Steve Swain on March 24, 2008, who noted the left achilles was tender and swollen with decreased flexion extension. Dkt. #35, p.10. The P.A. prescribed Motrin and directed an "ER visit/by car today." Dkt. #35, p.10. Plaintiff arrived at the Emergency Department of ECMC at approximately 1:00 p.m. on March 24, 2008 and underwent surgery on March 28, 2008 for a left achilles tendon rupture. Dkt. #35, pp.7 & 12.

In opposition to defendant Swain's previous motion to dismiss, plaintiff challenged defendant Laurie Lay's documentation that plaintiff could move his foot side to side, raise his foot upwards and point his toes. Dkt. #36.

-3-

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Where, as here, the plaintiff is appearing *pro se*, the Court must construe the complaint liberally and draw the most favorable inferences that the complaint supports, but may not invent factual allegations that have not been pled. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To state a claim for deliberate indifference to a serious medical need, plaintiff must demonstrate that, as an objective matter, he suffered from a sufficiently serious medical condition and that, as a subjective matter, each defendant acted with a subjectively culpable state of mind with respect to that condition. *Brock v. Wright,* 315 F.3d 158, 162 (2d Cir. 2003); *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (a defendant's personal involvement in the alleged constitutional deprivation is a prerequisite to an award of damages under 42 U.S.C. § 1983).

With respect to the objective component, a medical need is serious if it presents a condition of urgency that may result in degeneration or extreme pain. *Chance*

-4-

*v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).  In making this assessment, courts consider whether a reasonable medical doctor would find the condition important and worthy of comment or treatment; the impact the condition has on activities of daily living; and the existence of chronic and substantial pain.  *Id.*

Where the claim is that the care provided was inadequate, plaintiff must demonstrate that, as an objective matter, the alleged deprivation of adequate medical care was sufficiently serious, *i.e.*, that he "was actually deprived of adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006).  In making this determination, courts assess whether the inadequacy in medical care is sufficiently serious, *i.e.*, "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  *Id.* at 280.

With respect to the subjective component, the defendant must disregard an excessive risk to inmate health or safety of which she is aware. *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002).  The defendant's actions must go beyond mere negligence or medical malpractice and demonstrate a reckless disregard for the risk presented. *Farmer v. Brennan*, 511 U.S. 825 , 835 (1994).  This is because "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  Thus, the "inadvertent failure to provide adequate medical care" and "negligen[ce] in diagnosing or treating a medical condition," does not rise to the level of deliberate indifference. *Hathaway v. Coughlin*, 99 F.3d 550, 554 (2d Cir. 1996). Moreover,

> It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.

*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Assuming for the purposes of this motion that plaintiff's injury constitutes an objectively serious medical need and that the delay of two days between the injury and plaintiff's transport to the hospital for x-rays was sufficiently serious, plaintiff has failed to allege sufficient facts to establish that defendant Laurie Lay exhibited a reckless disregard for plaintiff's medical need for such treatment. Plaintiff concedes that defendant Laurie Lay examined plaintiff, diagnosed his injury as a sprain, wrapped his ankle in an ace bandage and returned plaintiff to his housing unit with crutches and Tylenol. That her initial examination did not diagnose plaintiff's injury as a ruptured achilles tendon or cause her to refer plaintiff for immediate transfer to a hospital, is insufficient, without more, to satisfy the subjective element of a claim of deliberate indifference to a serious medical need. *Cf. Hemmings v. Gorczyk*, 134 F.3d 104, 109 (2d Cir. 1998) (allegations that prison medical staff misdiagnosed plaintiff's ruptured Achilles tendon as bad sprain, ignored continued complaints of swelling and pain for two months, and took away one of plaintiff's crutches were sufficient to state colorable claim of deliberate indifference), *with Chatin v. Artuz*, No. 95 Civ. 7994, 1999 WL 587885 (S.D.N.Y. Aug. 4, 1999), *aff'd* 2002 WL 10259 (2d Cir. 2001) (failure to provide crutches or ice immediately following foot injury, combined with delay of two days before plaintiff was transported to hospital for x-rays fails to rise to the level of deliberate indifference).

## CONCLUSION

For the reasons set forth above, it is recommended that defendant Laurie Lay's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. #43), be granted.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

## CONCLUSION

For the reasons set forth above, it is recommended that defendant Laurie Lay's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. #43), be granted.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to plaintiff and the attorneys for the defendants.

**SO ORDERED.**

DATED:     Buffalo, New York
           October 12, 2011

                                             s/ H. Kenneth Schroeder, Jr.  
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**