UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD CLARK, 11-B-1670,

                          Plaintiff,

                                                   **DECISION AND ORDER**
                                                        08-CV-637A

    v.

LORI LAY,

                          Defendant.

---

    The above-referenced case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1). On August 18, 2011, defendant filed a motion (Dkt. No. 43) for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"). On October 12, 2011, Magistrate Judge Schroeder filed a Report and Recommendation (Dkt. No. 50), recommending that defendant's motion be granted.

    Plaintiff, who is *pro se*, filed objections to the Report and Recommendation on October 25, 2011. Defendant filed a response to plaintiff's objections on November 14, 2011. The Court has deemed the pending motion submitted on papers pursuant to FRCP 78(b).

    Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and

Recommendation, and after reviewing the submissions, the Court adopts the proposed findings of the Report and Recommendation. "Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, [courts have] reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating' condition for three days; or delayed major surgery for over two years. No such circumstances are present here." *Freeman v. Strack*, No. 99 Civ. 9878, 2000 WL 1459782, at *6 (S.D.N.Y. Sept. 29, 2000) (dismissing a complaint where an inmate underwent an appendectomy 19 days after an initial complaint of abdominal pain and cramps led to a diagnosis of a stomach virus). Plaintiff ruptured his Achilles tendon on March 22, 2008. By March 24, 2008, plaintiff was at the Erie County Medical Center ("ECMC") for evaluation beyond the initial diagnosis of an ankle sprain. ECMC scheduled surgery for March 28, 2008, just four days later. Plaintiff's life was not in jeopardy during this time. As Magistrate Judge Schroeder explained in his Report and Recommendation, the record at most supports a mistake in diagnosis that was corrected in a short time. The record contains no suggestion of intentional delay in treatment as a means of punishment. *Cf. Doumin v. Carey*, No. 6:06-CV-01119, 2008 WL 4241075, at *6 (N.D.N.Y. Sept. 12 ,2008) ("While it is undisputed that Plaintiff was not provided medical care [for an injured ankle] until two days after he first requested it, there is no evidence in the record that his

condition was life threatening or fast degenerating nor is there any evidence that any of the defendants here deliberately delayed care as a form of punishment.") (internal quotation marks and citation omitted).

Accordingly, and for the reasons set forth above and in Magistrate Judge Schroeder's Report and Recommendation, defendant's motion for judgment on the pleadings (Dkt. No. 43) is granted. The Clerk of the Court shall close this case.

Plaintiff is advised that any notice of appeal in this case must be filed with the Clerk of this Court within 30 days of entry of final judgment, pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. U.S.*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 3 , 2012